### Township of Derry v. Swartz

*Wallace B. Eldridge, 3rd,* for plaintiffs.
*Keith A. Clark,* for defendants.

LIPSITT, J., August 28, 1973.—The Township of Derry, Dauphin County, Pa., and the Derry Township School District, plaintiffs herein, instituted an assumpsit action against Edward S. Swartz and Helen R. Swartz, his wife, trading as Indian Echo Caverns, defendants herein, seeking payment of taxes imposed upon amusements in said Derry Township. Defendants filed preliminary objections to the complaint which are presently before the court for disposition. Pursuant to a stipulation filed by counsel for the respective parties, the court agreed to the waiver of oral argument and to make a determination upon the submission of briefs.

The complaint sets forth the following allegations. On December 2, 1968, the aforementioned township in accordance with the Local Tax Enabling Act of December 31, 1965, P. L. 1257, as amended, 53 PS §6901, et seq., enacted an ordinance known as the Amusement Tax Ordinance which provides that proprietors of amusements within the township procure an amusement permit and collect and pay to the township certain taxes. The aforementioned school district passed a similar tax resolution on July 17, 1968. Defendants own and operate a cave within Derry Township known as Indian Echo Caverns to which the public is admitted for the price of an admission ticket. Both the township ordinance and the school district resolution establish a tax in the amount of 10 percent of the price of admission to an amusement. It is claimed defendants have failed and refused to procure an amusement permit and collect and pay

to the township and school district the amusement tax for the years, 1969, 1970, 1971, 1972 and 1973.

The first preliminary objection is in the nature of a motion to strike plaintiffs' complaint. In this motion, defendants maintain the complaint fails to conform with Pennsylvania Rule of Civil Procedure 1019 in that there is a failure to state certain material facts on which the cause of action is based in a concise and summary form. Their argument takes exception to several aspects of the pleading. Defendants first assert the complaint improperly incorporates the ordinance and tax resolution by reference, because Pa. R.C.P. 1019(d) only permits an official document or act to be identified by reference in a pleading and it is said the ordinance and resolution are not official documents or official acts within the meaning of the rule. Pa. R.C.P. 1019(d) reads as follows:

"In pleading an official document or official act, it is sufficient to identify it by reference . . ."

Defendants rely on the case of Connus v. Alleva, 17 Chester 298 (1969), involving a township zoning ordinance for their proposition. However, as the plaintiffs point out, the holding in the latter case has been nullified by subsequent statutory law, Act of June 27, 1973, no. 32, P. L. 77, which is an amendment to the Act of April 8, 1941, P. L. 16, sec. 1, 28 PS §301, concerning judicial notice and authorizes an ordinance or act of a township, second class as well as first class, to be judicially noticed. A school district resolution would warrant comparable notice.

Secondly, in the motion to strike, defendants argue there is no definition of "amusement" in the complaint and categorizing defendants' business as an amusement without supporting facts is a mere con-

clusion. Plaintiffs answer by saying a reference to the ordinance and resolution would reveal the exact definition of an amusement and that it is not necessary to allege additional evidence to support its position that Indian Echo Caverns is a place of amusement. If the incorporation by reference is proper, and it must be so considered in view of the existing law, the complaint does specify facts, to wit, the operation of a cave and charging admission thereto, which lead to the averment of the operation of an amusement and this would sufficiently apprise defendants of the matters on which they must base their defense.

In the motion to strike, it is also contended that plaintiffs' complaint is not properly verified, because it contains two causes of actions and is verified only by the Chairman of the Board of Supervisors of Derry Township and not by any officer of the Derry Township School District. As such, it is urged the affidavit violates the spirit of Pa. R.C.P. 1024(a), which requires personal knowledge or belief of an affiant. However, attention must be given to Pa. R.C.P. 1024(c) which states: "The verification shall be made by one or more of the parties filing the pleading . . ." The verification by one party attached to the complaint satisfies the rule. Upon examination of the complaint, this is really a joint claim for both governmental agencies base their tax and demand on the same enabling act, and it may be noted that if both the municipality and school district enacted an amusement tax, the taxes may not be more than 10 percent and each taxing authority divides or apportions the total collected. As observed in 2A Anderson Pa. Civ. Prac. §1024.6, at page 444, if each party would be required to verify a pleading, the rule should read

"all" parties must verify, and, since this is not required, a strict view would be a violation of the rule itself.

The second preliminary objection raises the issue of the defense of pendency of a prior action. The ground for this objection is a similar suit which plaintiffs began by a praecipe during the March term of 1973 in this court. Defendant, Edward S. Swartz, filed a praecipe for a rule on plaintiffs to file a complaint and the rule was issued by the prothonotary. On May 25, 1973, the action was non prossed for plaintiffs' failure to file a timely complaint. Defendants acknowledge that a judgment of non pros would not normally have a res judicata effect but will operate as a bar to a second action so long as the costs of the first action remain. This is legally correct (see Bucci et al. v. Detroit Fire & Marine Ins. Co., 109 Pa. Superior Ct. 167 (1933)), but it does not necessitate an allegation in the complaint of the payment of costs in the prior action. The discontinuance and the payment of costs would be part of the record of that case and need not be pleaded.

The final preliminary objection is in the nature of a motion for more specific pleading. Here, the defense repeats the argument that the present complaint fails to set forth sufficient facts to show Indian Echo Caverns is an amusement and further specificity is needed because there is uncertainty as to the correct amount of the disputed tax burden. The complaint mentions a tax in the amount of 10 percent of the price of admission to an amusement; but defendants say it is not clear whether this means the tax levied pursuant to the ordinance and pursuant to the resolution each equals 10 percent of the admission price, i.e., a total tax burden of 20 percent, or if the 10 percent figure represents the total tax imposed by the

ordinance and resolution combined. And, if the latter is the case, the complaint does not reveal how the 10 percent tax burden is to be allocated between plaintiffs.

The question as to whether the complaint sets forth facts to sustain defendants' enterprise as an amusement has already been discussed in connection with the motion to strike. The status of Indian Echo Caverns as an amusement is the ultimate issue in this case which must be determined at trial and not upon adjudication of a preliminary objection. The point of difference between the parties is whether the tax is applicable to defendants, and this, in turn, depends upon the definition of amusement contained in the ordinance and resolution. As remarked before, the complaint does recite that defendants operate a cave to which the public is admitted for the price of an admission and this is adequate to support the averment that defendants operate an amusement within the meaning of the tax ordinance and resolution.

The objection by defendants that the complaint is not specific because it does not state with particularity what the taxing percent or tax rate of the resolution or ordinance are is without merit as the applicable statute would govern this question, and it is not necessary to plead a statute in a complaint. An examination of the statute, the Local Tax Enabling Act of December 27, 1967, P. L. 894, sec. 8, as amended, 53 PS §6908(6), reveals that the maximum total tax owed both the township and school district could not exceed 10 percent of the admission price charged by defendants. By reference to the statute and through the information contained in the complaint, ordinance and resolution, defendants here are fully cognizant of their rights, duties and obligations to the taxing authorities and in a position to prepare whatever

defense they may have in mind; in actuality the division and apportionment between the taxing authorities would not be relevant to them.

In accordance with the thoughts expressed, we enter the following

## ORDER

And now, August 28, 1973, all of the preliminary objections filed by defendants are overruled, and defendants are allowed to file an answer to the complaint within 20 days from the date hereof.