Board of Supervisors of the Township of Bensalem, Appellant *v.* Joseph DiEgidio and Louis DiEgidio, Appellees.

Board of Supervisors of the Township of Bensalem, Appellant *v.* Joseph DiEgidio, Appellee.

Submitted on briefs, September 25, 1978, to Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Henry F. Huhn,* with him *Leslie G. Dias,* for appellant.

*Alfred Francis Shea,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 30, 1979:

The Board of Supervisors of the Township of Bensalem (Supervisors) appeals a decision of the Court of Common Pleas of Bucks County which sustained

the combined appeals of Joseph DiEgidio and Joseph and Louis DiEgidio, Jr. (Applicants). This appeal stems from the lower court's order requiring the Supervisors to approve the applications for land development and subdivision pursuant to Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508.[1] That act requires the governing body to render a decision within 90 days of the filing of a land development application or it is deemed approved.

Applications for land development and subdivision were filed on May 19, 1975. These applications were filed on forms furnished by the Supervisors after payment of a substantial processing charge and after an additional fee payment to the Bucks County Planning Commission (Planning Commission). On July 7, 1975, the applications were approved by the Planning Commission and a public hearing was scheduled. On July 28, 1975, the Applicants executed an "Extension Agreement Re: 90 Day Period," as prepared by the Township whereby the Applicants waived their right

---

[1] §10508. Approval of plats

. . . .

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision;

. . . .

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. . . .

to have a final decision rendered in 90 days as required by Section 508 of the MPC. On November 13, 1975, counsel for the Applicants notified the Supervisors by letter that the "Extension Agreement" was thereby rescinded. Despite numerous public meetings, no action was taken by the Supervisors until March 12, 1976, when the Board rejected the application.

Where, as here, the court below takes no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Warminster Area Child Day Care Association, Inc. v. The Upper Southampton Township Zoning Hearing Board,* 35 Pa. Commonwealth Ct. 541, 386 A.2d 1076 (1978).

The Supervisors frame three issues for our review. The first contention is that the Supervisors had no authority to review subdivision and land development plans subsequent to the enactment of the MPC, asserting that regulations enacted by resolution in 1956 were rescinded by operation of law as a result of the MPC. This contention is bedrocked on the application of *Gable v. Springfield Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 381, 335 A.2d 886 (1975), to the instant case but is totally without merit. As Judge ROGERS wrote in *Gable, supra,* 18 Pa. Commonwealth Ct. at 386, 335 A.2d at 888, in the absence of township regulations, those of the County Planning Commission will apply pursuant to Section 502 of the MPC. However, where the township has regulations in effect, those of the County will not apply. In the instant case, the court below took judicial notice of the unrepealed 1956 regulations and correctly determined that the MPC did not render these regulations void by operation of law.

This brings us to the Supervisors' next contention: viz, that it was improper for the court below to take

judicial notice of the regulations adopted by resolution in 1956. The Supervisors contend on one hand that the regulations are void by operation of law and on the other that the regulations adopted by resolution are not a proper subject for judicial notice. Section 1 of the Act of April 8, 1941, P.L. 16, *as amended,* 28 P.S. §301, provides that:

> Every court of this State shall take judicial notice of the ordinances of cities, boroughs, incorporated towns and townships within the Commonwealth.

In *Township of Derry v. Swartz,* 61 Pa. D. & C. 2d 670 (1973), the lower court stated that under this section the court may take judicial notice of a school district resolution or a township act or ordinance. We agree it was proper for the court below to take judicial notice of the township regulations.

The final contention of the Supervisors can be disposed of summarily. They contend that counsel for the Applicants had no authority to rescind the waiver agreement executed by the Applicants. This argument fails to overcome common sense and the long-held presumption that what an attorney does in the course of his business is presumed to be by the authority of his client. *Commonwealth ex rel. Paylor v. Cavell,* 185 Pa. Superior Ct. 176, 138 A.2d 246 (1958), *citing Miller v. Preston,* 154 Pa. 63, 25 A. 1041 (1893).

Accordingly, we

### ORDER

AND Now, this 30th day of January, 1979, the appeals of the Board of Supervisors of the Township of Bensalem are dismissed and the orders of the Court of Common Pleas of Bucks County filed November 15, 1976 at No. 76-2800-03-5 and at No. 76-2799-03-5 are hereby affirmed.