Francis Rosanelli, Appellant *v.* Quakertown Borough Council and Quakertown Borough Planning Commission, Appellees.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*David M. MacFarlan,* with him *Charles S. Wilson & Associates,* for appellant.

*William T. MacMinn,* with him *Williams and Schildt,* for appellee.

.PER CURIAM OPINION, June 18, 1979:

Francis Rosanelli (Appellant) sought to erect six twin-home units and one single-family dwelling on 2.04

acres of land in Quakertown Borough. He submitted a subdivision and land development plan for approval to the Quakertown Planning Commission. This plan was rejected on July 11, 1977. Thereafter, on August 3, 1977, the Quakertown Borough Council (Council) also rejected the proposed plan. Appellant was then informed of Council's decision by letter. This letter read, in pertinent part, as follows:

The Quakertown Planning Commission has recommended rejection of the plan for the following reasons and Borough Council concurs:

1. Does not comply with present subdivision ordinance in that units are not situated on dedicated streets.

2. No curbs or sidewalks have been provided for.

3. The entire subdivision lies entirely within the 100 year flood plain.

4. The plan submitted is not a workable plan and adverse effects will be caused to other property owners in the immediate area.

Subsequent to the receipt of this decision, Appellant took an appeal to the Court of Common Pleas of Bucks County. The lower court found the decision to be defective in that it failed to conform to the requirements of Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC),[1] but held that this did not result in the approval of the application under Section 508(3) of the MPC, 53 P.S. §10508(3).[2] We reverse.

Section 508 specifies the manner in which a decision disapproving a plat plan must be rendered:

---

[1] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10508(2).

[2] Instead, the lower court remanded the case to the Borough Council to determine whether Appellant's plan was in fact violative of any ordinance.

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met *and shall, in each case, cite to the provisions of the statute or ordinance relied upon;*

(3) *Failure of the governing body* or agency *to render a decision* and communicate it to the applicant within the time and *in the manner required herein shall be deemed an approval of the application in terms as presented* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect; (Emphasis added.)

Council would have us hold that the requirements contained in subsection (2) may be satisfied by mere general compliance therewith. In particular, Council submits that if its decision is read in conjunction with the minutes of the Planning Commission meeting, all necessary requirements would be satisfied since the information located there would adequately advise Appellant of the defects in his proposed plan.

The language of subsection (2), however, is clearly mandatory and requires citations to the specific provisions of the ordinance relied upon when an application is not approved. *V. C. Finisdore, Inc. v. Township of Lower Merion,* 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976); *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township,* 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975). In this case, Council obviously failed to comply with this mandate. It follows that, pursuant to the requirements of

subsection (3), the subdivision and land development plans must be deemed approved.

ORDER

AND Now, this 18th day of June, 1979, the order of the Court of Common Pleas of Bucks County dated February 15, 1978, is hereby reversed. It is further ordered that the subdivision and land development plans submitted by Francis Rosanelli be deemed approved pursuant to Section 508(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(3).