Newberry Township Board of Supervisors, Appellant v. Newberry Estates, Inc., Appellee.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*C. Kent Price, Shumaker and Williams,* for appellant.

*Clyde E. Williamson, Morris, Vedder & Ream,* for appellee.

OPINION BY JUDGE BLATT, March 30, 1981:

The appellee, Newberry Estates, Inc., sought to develop a mobile home park in Newberry Township, York County. After considering the application at two public meetings, the Newberry Township Planning Commission voted to deny it and this recommendation was accepted by the Newberry Township Board of Supervisors. By letter dated November 24, 1978, the Board informed the appellee that its application was denied.

The appellee appealed this denial to the Court of Common Pleas of York County on the grounds that the letter provided by the Board did not fulfill the requirements of Section 508(2) of the Municipalities Planning Code (MPC),[1] 53 P.S. §10508(2), which require that the decision of the governing body must specify the defects in the plan, describe the re-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(2).

quirements that have not been met and cite the statutory authority relied upon. The lower court granted the appellee's motion for summary judgment, resulting in a "deemed approval" of the appellee's plan pursuant to Section 508(3) of the MPC, 53 P.S. §10508(3). This appeal followed.

The letter which the Board sent to the appellee read as follows:

The Newberry Township Supervisors at their regular meeting on November 21, 1978 rejected your site plan for the following reasons:

1. Additional studies required for storm water control.

2. Feasibility study for the water supply system is required.

3. Required improvements and access to Wilson Road to be resolved.

4. Status of DER permits.

If you have any questions, please do not hesitate to call this office.

The Board of Supervisors argues that the letter complied with the provisions of Section 508(2) of the MPC. In particular, it claims that the statutes and ordinances relied upon for the denial were verbally delineated by the Planning Commission at its meeting on November 14, 1978, that these reasons were preserved in the minutes of that meeting, and that the letter, read in conjunction with the minutes, provided adequate notice to the appellee of the reasons for the denial of the plan.

We have consistently held, however, that the language of MPC Section 508(2) is mandatory and requires that the governing body's written decision rejecting an application must signify the defects found in the application, describe the requirements of the MPC or the local ordinance which have not been met and provide citations to the specific provisions of the

statute and local ordinance relied upon. *Rosanelli v. Quakertown Borough Council*, 43 Pa. Commonwealth Ct. 420, 402 A.2d 1115 (1979); *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township*, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975). The Board's letter clearly falls short of these requirements, and the order of the lower court granting the appellee's motion for summary judgment must therefore be affirmed.

### ORDER

AND, Now, this 30th day of March, 1981, the order of the Court of Common Pleas of York County dated February 11, 1980 is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.