539 A.2d 948

Bensalem Township, Appellant *v.* Jeffrey C. Blank, Appellee.

Argued February 26, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard I. Moore, Moore & Berkowitz*, for appellant.

*William E. Benner*, with him, *Edward M. Wild, Power, Bowen & Valimont*, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, April 7, 1988:

Bensalem Township (Township) appeals an order of the Bucks County Court of Common Pleas approving a land development application of Jeffrey C. Blank.

Blank is the legal owner of a 23.2 acre tract located within the Township. On or about August 22, 1986, Blank filed a revised preliminary land development plan with the Township seeking approval to erect a 103,300 square foot commercial shopping center on his property. The tract is located in an area zoned C-S, Planned

Business District, in which a commercial shopping center is a permitted use.

The plan was reviewed by the Township's zoning officer who, in a letter to the Board of Supervisors (Board) dated September 16, 1986, noted that while the plan met all zoning requirements for a C-S district, there were nine areas in which the plan failed to meet the requirements of the Township's Subdivision and Land Development Ordinance.

The Board entertained Blank's application at a public hearing on November 17, 1986. At that hearing, counsel for Blank represented that he would comply with eight of the items noted by the zoning officer[1] and introduced uncontroverted evidence that the plan did not violate the remaining provision.

After the hearing, the Board orally voted to deny Blank's application. Blank was notified of this decision by way of a letter dated December 1, 1986, which read as follows:

> During the Board of Supervisors meeting on November 17, 1986 your application for the final land development for Tax Parcel 2-1-55-1 located on Neshaminy Boulevard was rejected by a three nays and one abstain vote because the plan submitted did not meet the requirements of Subdivision and Land Development Ordinance No. 268.
>
> Sections [sic] 501.F, Section 504.B.2, Section [sic] 505.B.4, 508.E., 511.C, 511.0, 504.B.5, 505.A.2.a.4, 511.D are not in accordance with the ordinance. Also, the township's engineer [sic]

---

[1] One of the defects in the plan, noted by the zoning officer, involved a requirement that parking aisles be separated by ten foot wide planting strips. Blank maintains that even though the Board routinely waived this requirement for previous applicants, he would nevertheless comply.

recommendation of a traffic study has not been addressed.

Blank initiated an action in mandamus alleging the December 1, 1986, letter was defective and also appealed from the denial of his application. These matters were consolidated by the trial court which concluded that the official communication of the denial of Blank's application was defective pursuant to Section 508 of the Pennsylvania Municipalities Planning Code (MPC)[2] and that therefore, the plan must be deemed to be approved as filed. This appeal followed.[3]

Section 508 reads in pertinent part as follows:

All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed. . . .

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen days following the decision;

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508.

[3] We note that where, as in the present case, the Court below takes no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Board of Supervisors, Township of Bensalem v. DiEgidio,* 40 Pa. Commonwealth Ct. 209, 396 A.2d 920 (1979).

(2)   When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3)   Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented. . . .

On appeal to this Court, the Township contends that its letter of December 1, 1986, comports with the requirements of Section 508(2).[4] The Township maintains that as long as an exact copy of the decision is made available to interested parties, something less than an exact copy may be *communicated* to the applicant and still fulfill the notice requirements of the statute. In support of this argument the Township cites *Joseph A. Puleo and Sons, Inc. v. Borough Council of Phoenixville,* 7 Pa. Commonwealth Ct. 248, 298 A.2d 658 (1973). In that case we deemed an application approved pursuant to Section 508(3)[5] because the borough council failed to provide the applicant with timely notice pursuant to Section 508(1).[6] We also held that a shareholder's presence at the council meeting did not constitute notice to the corporate applicant. We did not reach the issue of whether or not the written decision complied with the requirements of Section 508(2).

Discussing the reason for the requirement in Section 508(1), we stated in *Puleo* that an exact copy of the decision "should be available" for reference in case of dispute. *Id.* at 252, 298 A.2d at 660. The Township

---

[4] 53 P.S. §10508(2).
[5] 53 P.S. §10508(3).
[6] 53 P.S. §10508(1).

maintains that Section 508(1) makes a distinction between notice of the written decision and the decision itself and therefore, the former need not contain all the information set forth in subsection (2). Even if we were to agree that Section 508(1) makes such a distinction, in the present case the Township's written decision and the notice is one and the same. Therefore, the written decision here is the letter of December 1, 1986. In any event, the clear wording of Section 508(1) when read in conjunction with Section 508(2) renders us unable to accept the Township's argument.

Section 508(1) and (2) requires that whenever an application is rejected, the governing body shall either communicate to the applicant personally or mail him a written decision specifying the defects in the application, describing the requirements of the MPC or the local ordinance which have not been met, and provide citations to the specific provisions of the statute or local ordinance relied upon. *Coretsky v. Board of Commissioners of Butler Township*, 103 Pa. Commonwealth Ct. 28, 519 A.2d 571 (1987).[7]

The letter of December 1, 1986, denying Blank's application, constituted the Board's written decision for purposes of Section 508. Although the letter cited the portions of the particular ordinance in question, it fails to specify the defects within the application and to describe what requirements must be met for approval.

This Court has previously deemed applications approved pursuant to Section 508(3) where the written decision of the governing body failed to cite the specific provisions of the ordinance relied on for denying an application, *Coretsky; Croft v. Board of Supervisors of*

---

[7] We do not address the timeliness requirements contained in Section 508 as the issue presented is limited to the contents of the rejection letter itself.

*Middletown Township,* 76 Pa. Commonwealth Ct. 488, 464 A.2d 625 (1983), and where the decision failed to both describe the specific defects in a plan and the requirements which were not met. *Whiteland Manor Homes, Inc. v. Borough of Downingtown,* 32 Pa. Commonwealth Ct. 274, 378 A.2d 1311 (1977). In the present case, as in *Whiteland,* the written decision denying the application merely cites the provisions of the ordinance relied upon and fails to describe the plan's defects or the requirements which must be met for approval. The December 1, 1986, letter is even more vague than the rejection letter in *Whiteland* which contained a brief reference to the subject matter of the particular sections of the ordinance cited.[8]

The Township argues further that since Blank is a commercial developer and was present at the hearing on November 17, 1986, he was aware of the actual reasons for the denial of his application and therefore strict compliance with Section 508(2) in the written decision was not necessary. We disagree.

This Court has repeatedly held that the requirements of Section 508(2) are mandatory. *Coretsky; Newberry Township Board of Supervisors v. Newberry Estates, Inc.,* 58 Pa. Commonwealth Ct. 134, 427 A.2d 327 (1981); *Rosanelli v. Quakertown Borough Council,* 43 Pa. Commonwealth Ct. 420, 402 A.2d 1115 (1979). In *Rosanelli,* we deemed an application to be approved pursuant to Section 508(3) where the rejection letter failed to include citations to the ordinance. There we

---

[8] The decision in the present case is not only vague but confusing as well. The second paragraph cites provisions of the relevant ordinance which it states "are not in accordance with the ordinance." Apparently, the Board meant to state that the plan is not in conformance with the sections of the ordinance cited. However, this confusion merely adds to the lack of meaningful notice in the decision.

refused to accept the Council's argument that the rejection letter, in conjunction with the minutes of the Planning Commission's meeting adequately advised the applicant of all the defects in his plan and thus complied with Section 508(2).

In the present case, the Board is asking us to apply a subjective standard to the notice requirements of Section 508(2). The statute clearly prohibits us from doing so. Where an application is denied, the test is not whether the applicant had actual knowledge of the particular defects in his plan, the requirements which have not been met and the specific sections of the statute or ordinance relied upon but whether this information is contained within the four corners of the written decision itself. The Board's rejection letter failed to pass this test and therefore, the application must be deemed approved pursuant to Section 508(3). Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 7th day of April, 1988, the order of the Bucks County Court of Common Pleas, dated September 14, 1987, at Nos. 86-9477-03-6 and 86-9644-03-5, directing Appellant herein to approve as filed the application of Jeffrey C. Blank, is affirmed.

President Judge CRUMLISH, JR., did not participate in the decision of this case.