600 A.2d 641

SUNSET DEVELOPMENT, INC., Appellant,

v.

BOARD OF SUPERVISORS OF EAST
PIKELAND TOWNSHIP, Appellee.

BOARD OF SUPERVISORS OF EAST PIKELAND
TOWNSHIP, Appellant,

v.

SUNSET DEVELOPMENT, INC., Appellee.

SUNSET DEVELOPMENT, INC., a Pennsylvania Corporation

v.

BOARD OF SUPERVISORS OF EAST PIKELAND
TOWNSHIP and Walter Mullen

Walter Mullen, Appellant.

Commonwealth Court of Pennsylvania.

Submitted Nov. 20, 1991.

Decided Nov. 27, 1991.

Joseph E. Brion and J. Edmund Mullen, for appellant/appellee, Sunset Development, Inc.

James C. McErlane and William P. Mahon, for appellee/appellant, Bd. of Supervisors of East Pikeland Tp.

Ronald C. Nagle, for appellant/intervenor, Walter Mullen.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

SMITH, Judge.

Before this Court are the consolidated appeals of Sunset Development, Inc. (Sunset) and the Board of Supervisors of East Pikeland Township (Board) from the January 26, 1990 and July 13, 1990 orders of the Court of Common Pleas of Chester County which respectively sustained the Board's preliminary objections in the nature of a demurrer and thereby dismissed Sunset's complaint in mandamus seeking a deemed approval of its application for preliminary subdivision approval pursuant to Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508,[1] and in a later statutory land use appeal filed by Sunset, held that the Board failed to comply with Section 303(g) of the East Pikeland Township Subdivision and Land Development Ordi-

1. Section 508 of the MPC provides that:
 All applications for approval of a plat ... whether preliminary or final, shall be acted upon by the governing body or the planning agency *within such time limits as may be fixed in the subdivision and land development ordinance* but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed.... (Emphasis added.)
 Section 508(1) further provides that communication of the decision is to be in writing and delivered in person or mailed to the applicant no later than fifteen days following the decision.

nance (Ordinance) thereby causing a deemed approval of Sunset's application.

## I

### (No. 446 C.D.1990)

On November 9, 1987, Sunset filed an application for preliminary subdivision approval with the Township of East Pikeland, Chester County (Township) for a proposed subdivision of an approximately thirty-five acre tract of land owned by Sunset and known as Barley Farms. By written agreement, Sunset granted the Township an extension of time, until January 17, 1989, to render its decision regarding the application. At a public meeting on January 17, 1989, the Board orally announced its decision to deny Sunset's application. The Board's written decision was received by Sunset fifteen days later on February 1, 1989. On May 15, 1989, Sunset filed its complaint in mandamus asserting that the Board's failure to render a decision and communicate it to Sunset as provided by Section 508 of the MPC entitled Sunset to a deemed approval of its application. The Board's preliminary objections to the complaint were sustained by the trial court by order dated January 16, 1990.

In this appeal, Sunset questions whether the fifteen-day time period set forth in Section 508(1) is included in the ninety-day time period within which the Township must render its decision and communicate it to Sunset such that any decision rendered beyond the ninety-day time period, or any extension thereof, is untimely; and likewise whether the five-day time period set forth in Section 303(g) of the Ordinance is included in the ninety-day time period set forth in Section 303(g) such that a decision rendered beyond the ninety-day period, or any extension thereof, is untimely and the plan should therefore be deemed approved. This Court's scope of review of the trial court's decision sustaining preliminary objections in a mandamus action is to determine whether the trial court abused its discretion, committed an error of law, or whether sufficient evidence exists to

support its findings. *Randolph Vine Assoc. v. Zoning Board of Adjustment of Philadelphia*, 132 Pa.Commonwealth Ct. 452, 573 A.2d 255 (1990), *appeal denied*, 527 Pa. 589, 588 A.2d 512 (1991).

To support its position that the Board's decision is untimely since it was rendered beyond the ninety-day time period, Sunset cites *Board of Supervisors of Highland Township v. Manos*, 73 Pa.Commonwealth Ct. 10, 457 A.2d 210 (1983), where this Court affirmed the trial court's decision to grant a deemed approval of a subdivision plan as a result of the township's failure to provide the developer with a written decision within the ninety-day time period pursuant to Section 508. To further substantiate its point, Sunset relies on *Joseph A. Puleo & Sons, Inc. v. Borough Council of Phoenixville*, 7 Pa.Commonwealth Ct. 248, 298 A.2d 658 (1973). In *Puleo*, the borough council attempted to combine the two time periods and argued that notice was given within the statutorily prescribed time period. This Court held that the borough's decision was never properly communicated to the applicant on or before the time period then provided by Section 508 (forty days) and that the written decision mailed several days later was too late.

A distinction, however, between the case *sub judice* and *Puleo* is that no one appeared at the borough council's meeting who had the responsibility to report the borough council's oral decision to the corporate applicant. In attendance at the Board's meeting in the case *sub judice* was counsel for Sunset as well as its president. Due to the presence of these persons, notification was sufficient under the holding of *Puleo* to constitute proper notice although not an issue raised in this matter. Moreover, the holding in *Manos* is contrary to a more recent decision by this Court which is relied upon by the Board.

 The Board argues that it fully complied with the MPC and the Ordinance relying upon *Rouse/Chamberlin, Inc. v. Board of Supervisors of Charlestown Township*, 94 Pa.Commonwealth Ct. 413, 419, 504 A.2d 375, 378 (1986), where this Court held that:

[T]he MPC clearly contemplates a bifurcation of the oral and written decision making processes, as the former must be rendered within the ninety (90) day period or extended periods, while the latter may be submitted up to fifteen (15) additional days later. The statute is amply satisfied by an oral decision followed by a letter setting forth the reasons for rejection with citation to specific ordinances and statutes.... We feel that the drafters of the MPC clearly contemplated that the written, not the oral, reasons for disapproval would serve as the focus of appellate review.

*See Noll v. Stewart,* 57 Pa.Commonwealth Ct. 559, 427 A.2d 710 (1981) (subdivision application orally rejected on the ninetieth day after its filing; a letter setting forth the reasons for rejection followed outside the ninety day period; the denial of the subdivision was upheld by this Court). Thus, examination of the record establishes that *Rouse/Chamberlin* is not factually distinguishable from the matter *sub judice.* Consequently, the Board's decision in this case was not rendered in an untimely fashion. Because the holding in *Manos* is contrary to *Rouse/Chamberlin* and the disposition in this matter, *Manos* is hereby expressly overruled.

Sunset next argues that the Board violated Section 303(g) of the Ordinance in that the Board failed to render its written decision within five days following the Board's oral decision announced on January 17, 1989. Section 303(g) provides that:

All Applications for approval of a plat shall be acted upon by the Board not later than ninety (90) days after such Application is filed. The decision of the Board shall be in writing and shall be communicated to the Applicant personally or mailed to him at his last known address, not later than five (5) days following the decision. Failure of the Board to so act shall be deemed an approval of the Application in terms as presented unless the Applicant has agreed in writing to an extension of time or change in the prescribed matter of communication of the decision.

The Board asserts that Sunset did not raise this issue in the trial court and hence it cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); *Chervenak, Keane & Co. v. Hotel Rittenhouse Assoc. Inc.*, 328 Pa.Superior Ct. 365, 477 A.2d 487 (1984). This Court agrees that since the issue was not raised before the trial court, it is deemed waived and will not be considered in this appeal. *See Pennsylvania National Mutual Casualty Insurance Co. v. Insurance Commissioner of Commonwealth of Pennsylvania*, 121 Pa.Commonwealth Ct. 618, 551 A.2d 368 (1988), *appeal denied*, 522 Pa. 581, 559 A.2d 41 (1989). The trial court's decision in No. 446 C.D.1990 is affirmed.

## II

### (Nos. 1680 C.D. & 1698 C.D.1990)

On March 1, 1989, Sunset filed a statutory land·use appeal with the trial court averring that the action of the Board was arbitrary and capricious, an abuse of discretion, and contrary to law and that its decision violated Section 508 of the MPC since the Board's written decision was not communicated in writing to Sunset within the required time period. By decision entered July 13, 1990, the trial court held that the Board failed to comply with Section 303(g) of the Ordinance thereby causing a deemed approval of Sunset's application. The Board and intervenor Walter Mullen appeal that decision to this Court.[2]

It is well settled that where the trial court takes no additional evidence, this Court's scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Spargo v. Zoning Hearing Board of Municipality of Bethel Park*, 128 Pa.Commonwealth Ct. 193, 563 A.2d 213 (1989). The issues presented in this appeal are whether Sunset has waived the applica-

2. Walter Mullen, a resident of East Pikeland Township and a property owner whose property is adjacent to and surrounded by Sunset's property, was permitted to intervene in the statutory land use appeal by order dated June 28, 1989. His appeal is docketed at No. 1698 C.D.1990 and the Board's appeal at No. 1680 C.D.1990.

tion of Section 303(g) of the Ordinance; whether the trial court erred or abused its discretion in sua sponte applying Section 303(g) of the Ordinance as a basis for granting relief when the Ordinance was never relied upon by Sunset in its notice of appeal; whether the trial court erred or abused its discretion in considering the statutory land use appeal as a mandamus action which was previously denied by another judge of the same court; whether the Township's written decision fulfills the requirements of Section 508(2) of the MPC in specifying the defects in Sunset's plan; and whether the Board violated Section 4 of the Sunshine Act.[3]

█ Initially, the Board argues that Sunset's land use appeal notice does not concisely raise a violation of the Ordinance and as such, the trial court's sua sponte raising the application of Section 303(g) constitutes error and an abuse of discretion. The July 13, 1990 opinion of the trial court suggests that paragraph 7A of Sunset's notice of appeal allows the court to consider the timeliness of the written decision of the Board under either Section 508(1) of the MPC or Section 303(g) of the Ordinance. Paragraph 7A of Sunset's notice of appeal states:

7. The action of the Board of Supervisors in denying the preliminary plan was arbitrary and capricious, and an abuse of discretion and contrary to the law in that

A) The last extension for review granted by [Sunset] to [Board] expired on January 17, 1989 and Section 508 of the Municipalities Planning Code, (53 P.S. Section 10508) requires that a Board must render its decision and communicate it to the Applicant within the applicable period as may be extended by the Applicant. In fact, the decision was made on the last day of the extended time period but was not communicated in writing to Appellant until fifteen (15) days following the decision.

The Board asserts that Sunset's request for relief is specifically grounded upon a violation of Section 508 and

3. Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. § 271 *et seq.*

that since Sunset's notice of appeal does not allege either explicitly or implicitly a violation of Section 303(g), the trial court was in error in applying this provision to grant a deemed approval to Sunset which had previously been denied by another judge of the same court on January 26, 1990.[4] Moreover, the MPC requires that the land use appeal notice concisely set forth grounds on which the appellant relies. 53 P.S. § 11003–A(a). In response, Sunset contends that the MPC directs that the Ordinance be reviewed to determine whether the decision was rendered in a timely manner and that the trial court must take judicial notice of the Ordinance pursuant to Section 6107 of the Judicial Code, 42 Pa.C.S. § 6107. The position advanced by the Board must prevail.

In *Providence Builders, Inc. v. Commonwealth*, 89 Pa.Commonwealth Ct. 316, 492 A.2d 488 (1985), this Court acknowledged that Section 6107 permits a trial court to take judicial notice of municipal ordinances within the Commonwealth as the court deems proper and may call upon counsel in obtaining an ordinance. *See also McClimans v. Board of Supervisors of Shenango Township*, 107 Pa.Commonwealth Ct. 542, 529 A.2d 562 (1987). Since the application of Section 303(g) of the Ordinance was never raised by Sunset, and its argument in this regard was waived, the propriety of the trial court's sua sponte application of that section is not relevant to the disposition of this case. Assuming, however, that the trial court acted properly in taking judicial notice of Section 303(g) of the Ordinance, the court's decision must nonetheless be reversed pursuant to the holding in *Rouse/Chamberlin*.

█ Regarding the appropriateness of the Board's written decision, Sunset contends that while the decision indicates which sections of the Ordinance were violated, the decision failed to specify defects; for example, *how* the

4. The effect of the trial court's consideration of Sunset's land use appeal was to allow Sunset the opportunity to relitigate its deemed approval request in a second action resulting in judges of the same court rendering opposing decisions on the same issue.

subdivision failed to meet certain requirements of the Ordinance. Sunset relies upon *Bensalem Township v. Blank,* 115 Pa.Commonwealth Ct. 281, 539 A.2d 948 (1988), to support its position that the written decision violated Section 508(2) of the MPC. The Board argues that its written decision specifies the defects in Sunset's preliminary subdivision plan, describes ordinance requirements that have not been complied with, cites to specific ordinance provisions that have been violated, and describes those violations, thus satisfying the requirements of Section 508(2).

In *Blank,* this Court stated that: "[w]here an application is denied, the test is not whether the applicant had actual knowledge of the particular defects in his plan, the requirements which have not been met and the specific sections of the statute or Ordinance relied upon but whether this information is contained within the four-corners of the written decision itself." *Id.,* 115 Pa.Commonwealth Ct. at 288, 539 A.2d at 951. In *Blank,* the board set forth its denial of an application for subdivision in nothing more than a two-paragraph letter. In contrast, in the matter *sub judice,* the Board prepared a ten-page written decision denying Sunset's application, including twenty-three paragraphs of findings and specific references to various sections and subsections of the East Pikeland Zoning Ordinance and the Ordinance that were violated by Sunset's subdivision plan. The decision also makes references to plan deficiencies which violate specific Township ordinances. The decision dealt with, among other things, violation of ordinance provisions governing the impact on extensive woodland areas located on certain lots; and failure to submit plans regarding streets to be dedicated to the Township, liquid and solid waste collection, storage and treatment facilities for sanitary sewer and pumping station on lot 37, and earth moving and grading areas in excess of one acre. Examination of the Board's written explanation for its denial of Sunset's application demonstrates that the Board has complied with the requirements of Section 508(2) of the MPC. The Board provided Sunset with necessary

information in the four corners of the written decision to enable Sunset to appeal the Board's decision, if it so elected. *Rouse/Chamberlin.*[5] For the foregoing reasons, reversal of the trial court's decision is in order.

## ORDER

AND NOW, this 27th day of November, 1991, the order of the Court of Common Pleas of Chester County entered on January 26, 1990 is affirmed, and the order of the court entered on July 13, 1990 is hereby reversed.

---

5. Having determined that the trial court erred thus warranting reversal of its decision, this Court need not address the Board's remaining contentions except to note that the Board did not violate Section 4 of the Sunshine Act as preparation of the Board's written decision did not involve deliberation nor official action requiring that such conduct take place in open meeting. The written decision, not the Board's oral comments, are the focus of appellate review. *Rouse/Chamberlin.*