**David R. LEASE**

v.

**HAMILTON TOWNSHIP and Hamilton Township Board of Supervisors, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 2005.

Decided Oct. 28, 2005.

Joseph C. Adams, York, for appellants.

John M. Ogden, York, for appellee.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Hamilton Township (Township) and the Hamilton Township Board of Supervisors (Supervisors)(collectively, Appellants) appeal from the June 18, 2004 order of the Court of Common Pleas of Adams County (trial court) that granted summary judgment in favor of David R. Lease. In this appeal, we are asked to determine whether the trial court erred in concluding that the Township failed to comply with Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC)[1], relating to approval of plats, where Lease previously had been provided copies of letters identifying the Township's reasons for denial of his subdivision plan, but said letters were not attached to the Township's official letter denying the plan. For the reasons that follow, we affirm.

On June 23, 2003, Lease filed a three-count complaint with the trial court seeking a deemed approval[2] of Lease's subdivision plan filed with the Township on October 28, 2000[3] and attorney's fees. In his complaint, Lease averred that on October 28, 2000, he submitted a preliminary subdivision plan known as Alwine Meadows to the Township. The plan was also submitted to the Adams County Planning and Development Office for review, which generated a November 20, 2000 report containing nine pages of comments regarding the subdivision plan. Likewise on November 20, 2000, the Township's engineering firm, C.S. Davidson (Davidson), issued a four-page report consisting of 45 comments on the proposed plan. In January 2001, Davidson issued a second report con-

---

1. Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10508(2).

2. See Section 508(3) of the MPC, 53 P.S. § 10508(3), which provides that the "[f]ailure of the governing body ... to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application...."

3. As the trial court noted, there is a discrepancy in the date on which Lease is said to have filed his subdivision plan. The complaint alleges that the plan was submitted in September 2002, but the Township's letter denying the plan was issued July 2001, or about fourteen months before the date that Lease claims the plan was filed. The Township alleges a plan submission date of October 28, 2000, which the trial court found to be the operative date.

taining 67 comments on the plan. Lease alleged that at the time that he submitted his subdivision plan, the Township was reviewing plans to run sewer lines to the development area. He further alleged that he addressed all issues raised by the Township and Davidson in their respective letters.

According to the complaint, on June 7, 2001, the Supervisors issued a letter notifying Lease of the Supervisors' decision to deny his subdivision plan. The text of that letter is as follows:

> This letter is to inform you that the [Supervisors have] denied your subdivision plan known as Alwine Meadows at their June 5, 2001, meeting. The Township Planning Commission recommended denial of the plan at their May 21, 2001, meeting. After discussion by the [S]upervisors a motion was made to deny the plan, for the following reasons (a) since public sewer is not available and no design was submitted for providing on lot sewer or a sewer collecting system for the homes and (b) no action taken on addressing the comments given by Adams County Planning & Development letter dated November 20, 2000, and the [Davidson] letters dated November 20, 2000, and January 10, 2001.

(Complaint, Exhibit F)

Lease alleged that a formal denial of his subdivision plan was not issued by the Supervisors; therefore, in May 2003, Lease advertised in the Adams County Legal Journal and the Gettysburg Times for a deemed approval. Lease further maintained that pursuant to Section 508(2) of the MPC, the Township was required to specify the defects of his application, to describe the requirements which were not met and to identify the provisions of the statute or ordinance upon which the Township relied to deny Lease's plan. Lease alleged that the Township's June 7, 2001

denial letter did not meet the requirements of Section 508(2) of the MPC.

Appellants filed preliminary objections to Lease's complaint seeking to strike Lease's request for attorney's fees. Lease then filed a praecipe to voluntarily discontinue that count of his complaint, which the trial court granted by order of August 26, 2003. On September 11, 2003, Appellants filed their answer to Lease's complaint. Lease thereafter filed a motion for summary judgment on January 20, 2004, and Appellants filed a similar motion on March 2, 2004.

By order dated June 18, 2004, the trial court granted summary judgment in favor of Lease. This appeal followed. Where the trial court granted summary judgment, we are limited to determining whether the trial court committed an error of law or an abuse of discretion. *Green Valley Dry Cleaners, Inc. v. Westmoreland County Indus. Dev. Corp.*, 832 A.2d 1143 (Pa. Cmwlth.2003), *appeal denied*, 578 Pa. 696, 851 A.2d 143 (2004). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

Section 508(2) of the MPC, 53 P.S. § 10508(2), provides that

> [a]ll applications for approval of a plat (other than those governed by Article VII), whether preliminarily or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency ... next follow-

ing the date the application is filed or after a final order of court remanding an application, provided that should the said next regular meeting occur more than 30 days following the filing of the application, the said 90–day period shall be measured from the 30th day following the day the application has been filed.

. . . .

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

■ In this appeal, Appellants maintain that the trial court misapplied our decision in *Advantage Dev. Inc. v. Bd. of Supervisors of Jackson Tp.*, 743 A.2d 1008 (Pa. Cmwlth.2000). The trial court specifically determined that the June 7, 2001 denial letter did not meet the requirements of Section 508(2) of the MPC because Appellants failed to staple the Township's November 20, 2000 letter and Davidson's November 20, 2000 and January 10, 2001 letters to the denial letter.

The *Advantage* case arose in 1991 when Advantage filed a preliminary subdivision plan with the Township of Jackson for the construction of townhouses. Because Advantage did not file its application for final plan approval until 1994 and because the township ordinance required an application for final plan approval be made within two years of the preliminary plan approval, the township rejected Advantage's first final plan.

Advantage appealed to the court of common pleas which held that the township's two-year limit was inconsistent with Section 508(4)(ii) of the MPC, 53 P.S. § 10508(4)(ii).[4] The court therefore remanded the matter to the township to consider Advantage's first final plan. On remand, the township planning commission recommended that the first final plan be denied because it did not conform to Advantage's preliminary plan. The township agreed, and on November 16, 1995, the township denied Advantage's first final plan. The day before, however, Advantage had filed a revised final plan with the township. Notwithstanding, Advantage filed an appeal of the township's November 16, 1995 denial of its first final plan.

On May 1, 1996, Advantage filed a complaint in mandamus with the court of common pleas seeking an order that its revised final plan be deemed approved under Section 508(3) of the MPC because the township failed to act on the revised final plan within 90 days. The township dutifully filed preliminary objections to the mandamus complaint, arguing that because Advantage's appeal of the November 16, 1995 denial was still pending before the court, the mandamus action should be dismissed. To avoid confusion of the matter, the court consolidated Advantage's land use appeal of the township's November 16, 1995 denial of his first final subdivision plan with the complaint in mandamus.

On October 16, 1996, the township denied Advantage's revised final plan, incorporating by reference the findings and recommendations of the township's engineer as the basis for its denial. Advantage appealed and also filed a second complaint

4. Section 508(4)(ii) provides that when an application has been approved without conditions or approved by the applicant's acceptance of conditions, no subsequent change or amendment in the zoning, subdivision or oth-

er governing ordinance shall be applied to adversely affect the right of the applicant to commence and to complete any aspect of the approved plan within five years from such approval. 53 P.S. § 10508(4)(ii).

in mandamus. In the mandamus complaint, Advantage alleged that the revised final plan was deemed approved pursuant to Section 508(3) of the MPC insomuch as the township's denial letter did not specify the defects found in the plan, did not describe the requirements that were not met, and did not cite to the provisions of the ordinance as required by the MPC.

After the township filed its answer to the mandamus complaint, Advantage moved for a peremptory judgment on the ground that Section 508(2) of the MPC could not be satisfied by the township's action of incorporating by reference other documents in the denial letter where said letter did not specify a plan's defects or cite to the ordinance. The court agreed.

In reversing the court on appeal, we specifically rejected Advantage's position that based upon our decision in *Warwick Land Dev., Inc. v. Bd. of Supervisors of Warwick Tp., Chester County*, 695 A.2d 914 (Pa.Cmwlth.1997), a governing body may never satisfy the requirements of Section 508(2) by incorporating by reference other documents purporting to identify the defects of a plan and identifying the statute or ordinance upon which the denial was based.

The facts of *Advantage* were readily distinguishable from our decision in *Warwick* because in *Advantage*, the township had attached to its denial letter a single document comprised of 16 pages of comments regarding the revised final plan. In *Advantage*, the 53 separately numbered comments explained how the plan failed to meet the township's ordinance and clearly referenced the sections of the ordinance violated. Sixty-four separately numbered paragraphs identified why the plan failed to abide by the township's storm water, grading and erosion control ordinance. We therefore concluded that the town-

ship's denial letter to Advantage was sufficient under the MPC.

Conversely, the denial letter issued to the developer in *Warwick* incorporated by reference four documents said to provide the basis for the denial of the developer's plan. Only three documents, however, were attached to the denial letter. Furthermore, we recognized that the denial letter itself did not address any of the multiple concerns raised in the aforementioned documents. The governing body had generally set forth the entire list of objections, indiscriminately labeling them as reasons for denial of the subdivision plan. We stated that such an indeterminate approach did not satisfy the specificity requirements of Section 508(2) of the MPC. Accordingly, we held that given the circumstances of the case, the governing body's incorporation by reference of three of four documents was insufficient to meet the requirements of Section 508(2) of the MPC.

In *Bensalem Tp. v. Blank*, 115 Pa. Cmwlth. 281, 539 A.2d 948, 951 (1988), we stressed the mandatory nature of Section 508(2) stating that

> [w]here an application is denied, the test is not whether the applicant had actual knowledge of the particular defects in his plan, the requirements have not been met and the specific sections of the statute or ordinance relied upon but whether this information is contained within the four corners of the written decision itself.

In this case, the four corners of the June 7, 2001 denial letter do not meet the requirements of Section 508(2). Although the letter states that the denial of the application is based on the lack of a sewer plan, the letter does not provide either the statute or Township ordinance requiring sewer connections. Moreover, a careful reading of the Township's denial letter re-

veals that the November 20, 2000 and January 10, 2001 letters were not "incorporated by reference" as that phrase is commonly used in the law.[5] Rather, the letter merely states that the plan is not approved because Lease failed to address the comments provided in the aforementioned letters.

Assuming *arguendo* that the Township's mention of the November and January letters properly incorporated them by reference, the Township's general statement that the denial of Lease's application is based on the comments contained in those letters is overly broad. *Warwick.* The Township's November 20, 2000 letter is subdivided into various sections: (1) consistency with the Adams County Comprehensive Plan, (2) zoning ordinance review, (3) subdivision and land development ordinance review, (4) design and other comments, and (5) summary. (R.R. 15a–23a) With the exception of the sections addressing the Township's zoning ordinance and subdivision and land development ordinance, the letter offers general comments unsupported by citations to specific provisions of the comprehensive plan, wetlands legislation, and clean and green legislation, all of which are concerns raised by the Township's planning commission. *Id.*

While Davidson's November 20, 2000 letter substantially complies with Section 508(2) of the MPC, several of the general comments suggest that Lease has in some way failed to comply with an ordinance. (R.R. 24a–27a) Davidson's letter suggests that Lease's subdivision plan lacks an erosion plan, does not show grading for storm water management facilities, should provide for widening of roadways, should have a phasing plan and a graphic scale, should provide for swales, should indicate existing and proposed grades, and should provide a program for perpetual operation and maintenance for storm water management. (R.R. 26a–27a) These "general comments" do not indicate whether the actions are required by either the zoning ordinance or the subdivision and land development ordinance.

In response to Davidson's letter, Lease prepared a January 5, 2001 answer thereto and separately addressed each of Davidson's points. (R.R. 28a–31a) Thereafter, on January 10, 2001, Davidson rendered its second letter to the Township, again identifying 67 areas of concern. Comments related to the subdivision and land development ordinance were specifically cited. Comments related to the sanitary sewer system and general recommendations, however, do not have citations despite the fact that some comments are termed mandatory by the use of phrase "the developer shall." Moreover, we cannot discern whether Davidson's January 10, 2001 letter is in response to Lease's January 5 letter. Although the letter provides that Davidson has reviewed a "revised" plan, there is no indication that Davidson reviewed Lease's answer to the November 20, 2000 letter and found any of Lease's revisions to be acceptable. It seems, rather, that Davidson's January 10 letter sets forth additional concerns regarding the proposed subdivision.

Thus, as in *Warwick,* we would conclude that the Township's denial of Lease's subdivision plan based on three documents, which were not attached to the June 7,

---

5. Black's Law Dictionary defines "incorporation by reference" as "[a] method of making a secondary document part of a primary document by including in the primary document a statement that the secondary document should be treated as if it were contained within the primary one." Black's Law Dictionary 781 (8th ed.1999). The Township's June 7, 2001 denial letter did not contain any language indicating that the November 20, 2000 and January 10, 2001 letters should be considered as part of the denial letter.

2001 denial letter and which contained over 112 comments without clarification as to which conditions Lease remedied, is overly broad and insufficient to meet the specificity requirements of Section 508(2) of the MPC. *Warwick.*

We must further reject Appellants' position that because Lease was afforded copies of the various letters at the time of their drafting, the Township's failure to attach the letters to the June 7, 2001 letter does not serve to further advise Lease of the plan's deficiencies. We disagree.

■■■ Section 508(2) of the MPC clearly requires that the decision of the governing body disclose the defects of the plan and provide supporting authority. "[M]ere knowledge by the applicant of the [b]oard's reasons for denial are insufficient to meet the requirements of Section 508(2) of the MPC." *Dobrinoff v. Bd. of Supervisors of Franklin Tp., York County*, 136 Pa.Cmwlth. 282, 582 A.2d 1156, 1160 (1990). As previously noted, the test is not whether the applicant had knowledge of the plan's deficiencies but rather, whether the reasons for denial are contained within the four corners of the written decision. Moreover, from a practical standpoint, incorporation by reference and attachment of such documentation is not in anyway burdensome to the governing body and serves to protect it from claims that the developer did not receive a list of a plan's deficiencies.

Accordingly, we affirm.[6]

### ORDER

AND NOW, this 28th day of October, 2005, it is hereby ordered that the June 18,

2004 order of the Court of Common Pleas of Adams County is AFFIRMED.

---

6. Appellants have withdrawn from consideration whether the trial court erred in granting summary judgment in favor of Lease where he failed to timely submit his mandamus action. (Appellants' Brief, p. 13)