391 A.2d 1046

Stephen J. TOKAR, Administrator of the Estate of Melva Tokar, Deceased,

v.

COMMONWEALTH of Pennsylvania, Pennsylvania DEPARTMENT OF TRANSPORTATION ("PDOT"), et al.

Stephen J. TOKAR, Administrator of the Estate of Melva Tokar, Deceased,

v.

COMMONWEALTH of Pennsylvania, Pennsylvania DEPARTMENT OF TRANSPORTATION ("PDOT"), Robert S. Kopitnik, PDOT District Engineer, J. G. Valko, PDOT County Superintendent, Tony Maruca, PDOT Assistant Superintendent, J. R. Hetrick, PDOT employee, P. Delogier, PDOT employee, George Bender, PDOT employee.

Appeal of Robert S. KOPITNIK, J. G. Valko, Tony Maruca, J. R. Hetrick, P. Delogier and George Bender.

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1978.

Decided Oct. 5, 1978.

Stevens, Clark, Laubach & Semple, David A. McVey, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Jerome M. Libenson, Pittsburgh, for appellant in No. 124 and appellee in No. 130.

J. Justin Blewitt, Jr., John L. Sweezy, David Max Baer, Harrisburg, for appellants in No. 130 and appellees in No. 124.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Stephen Tokar, administrator of the estate of decedent Melva Tokar, brought an action in trespass against defend-

ants, the Commonwealth of Pennsylvania, the Pennsylvania Department of Transportation, and six individual employees of the Department. The complaint alleged that decedent was killed when the car she was driving struck a bump in a public highway, causing her to lose control. Tokar alleges that the accident was the result of the negligence of the Commonwealth and its employees in failing to maintain the road properly or to warn the motoring public of its dangerous condition.

The Commonwealth Court dismissed the complaint against the Commonwealth and the Department of Transportation on the grounds of sovereign immunity. Tokar, appellant at No. 124, appealed from this portion of the court's order.[1]

The Commonwealth Court held that it did not have jurisdiction over the individual defendants because they were not "officers" of the Commonwealth within the meaning of section 401 of the Appellate Court Jurisdiction Act of 1970.[2] It therefore transferred the action against the individual defendants to the Court of Common Pleas of Cambria County. The individual defendants, appellants at No. 130, took an interlocutory appeal under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953), from this portion of the order.

In *Mayle. v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), we abrogated the doctrine of sovereign immunity. We therefore reverse the order of the Commonwealth Court dismissing the complaint against the Commonwealth and the Pennsylvania Department of Transportation.

On remand, the Commonwealth Court will retain jurisdiction over both the Commonwealth and the individual defendants. "Section 401(a)(1) [of the Appellate Court Jurisdiction Act] may properly be construed to give the Commonwealth Court jurisdiction as to all the defendants in a case such as this where it is alleged that the Commonwealth

1. We hear this appeal at No. 124 pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1978).

2. 17 P.S. § 211.401.

or its officers share joint and several liability with others who are not the Commonwealth or its officers." *Freach v. Commonwealth*, 471 Pa. 558, 570–71, 370 A.2d 1163, 1169 (1977). When an interlocutory appeal is taken under section 672, the sole question before the reviewing court is whether the court from which the appeal is taken has jurisdiction to hear the case. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 557, 333 A.2d 909, 912 (1975). We therefore do not decide any other question presented by the appeal of the individual defendants.

Order reversed and case remanded to the Commonwealth Court for proceedings consistent with this opinion.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., and O'BRIEN, J., joined.

POMEROY, Justice, dissenting.

The Court's disposition of these appeals is correct only if one accepts the premise that sovereign immunity may be judicially abolished. Since I cannot agree with this proposition, see *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 408, 388 A.2d 709, 721 (1978) (Pomeroy, J., dissenting), I would affirm the order of the Commonwealth Court.

EAGEN, C. J., and O'BRIEN, J., join in this dissenting opinion.