Tuscarora Forests, Inc., Appellant *v.* Fermanagh Board of Supervisors, Fermanagh Township, Appellee.

Argued September 14, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*John A. Mihalik, Hummel, James & Mihalik,* for appellant.

*Charles E. Zaleski,* with him *Karen L. Hackman, Tive, Hetrick & Pierce, P.C.,* for appellee.

OPINION BY JUDGE BARRY, February 2, 1984:

This is an appeal from an Order of the Court of Common Pleas of the 41st Judicial District—Juniata County Branch issued December 10, 1982, affirming a decision of the Fermanagh Board of Supervisors (Board), appellee herein, tabling further action on a final subdivision plan submitted by appellant, Tuscarora Forests, Inc., until appellant had submitted a revised final plan containing additional information required by the Fermanagh Township Subdivision Ordinance (Ordinance). In *Tuscarora Forests, Inc. v. Fermanagh Township Board of Supervisors,* 80 Pa.

Commonwealth Ct. 108, 471 A.2d 134 (1984), we affirmed an Order of the court of common pleas which held that a prior plan submitted by appellant must be deemed approved as a preliminary, rather than a final, plan. While the prior appeal was pending, appellant submitted its final plan; the Board, however, informed appellant that the plan was incomplete and therefore tabled further action on it pending submission and review of a revised plan containing more complete information. The trial court affirmed the Board's decision and this appeal followed.

Appellant contends that the Board had no authority to table the application. According to Section 405 (e) of the Ordinance, "[t]he final plan in supporting data shall comply with the provisions of Article VIII of this Ordinance. Failure to do so shall be cause for tabling the plan." The subdivision plan submitted by appellant does not comply with the requirements for the subdivision of a final plan. Under Section 405(e), the Board properly tabled the plan submitted by appellant since it was not complete. Had appellant submitted a plan which included more specific details, thereby qualifying as a final plan, tabling further action on the plan would have been improper.

Appellant next contends that the trial court erred by failing to grant final approval and by remanding the application to the Board. The appellant, however, failed to provide all pertinent information in supporting data required for a final plan. The plan lacked technical design information regarding dimensions of streets, driveways, buildings, and lots. The appellant, moreover, failed to provide results of percolation tests, specific information regarding storm water management, sewer and water feasibility, and a performance guarantee or engineer's certificate regarding the installation of improvements.

Preliminary plan approval, moreover, is merely conditional. A final plan, as set forth above, requires more specific information to garner approval. It is incumbent upon appellant to fulfill all requirements for a final plan before receiving such approval.

Appellant further argues that the Ordinance does not regulate the property in question. The trial court determined that the appellant sought a subdivision within the meaning of the Ordinance. We agree. According to the Ordinance, Article II, Section 202, a subdivision is defined as follows:

> The division, over a period of time after the enactment of these regulations, of a single lot, tract or parcel of land, or a part thereof, into two or more lots, tracts, or parcels of land including changes in street lines or lot lines, for the purpose, immediate or future, of transfer of ownership *or* of building development. (Emphasis added.)

Appellant maintains that its development plan is not regulated by the subdivision ordinance. The plan, however, indicates a division of one lot into ten lots in order to transfer ownership. Appellants indeed submitted a subdivision plan.

Appellant finally maintains that the township has no authority to require the same technical information it requires for a traditional residential development as it now does for a recreational subdivision development, which does not anticipate any building permits for construction. The trial court indeed recognized the unique nature of appellant's proposed subdivision which may make unnecessary the type of information required by the Ordinance. Thus, the trial court determined that the appellant should submit a list of the sections of the Ordinance which it believes does not apply to it and the reasons why it should not be required to adhere to these provisions. We agree that

this information, when submitted, would enable the Board to entertain approval of the plan.

For the reasons set forth herein above, we affirm the Court of Common Pleas of the 41st Judicial District—Juniata County Branch.

ORDER

AND Now, February 2, 1984, it is ordered that the Order of the Court of Common Pleas of the 41st Judicial District—Juniata County Branch, No. 561 of 1981, dated December 10, 1982, is affirmed.