Tuscarora Forests, Inc., Appellant *v.* Fermanagh Board of Supervisors, Fermanagh Township, Appellee.

Argued September 14, 1983, before Judges Rogers, MacPhail and Barry, sitting as a panel of three.

*John A. Mihalik, Hummel, James & Mihalik,* for appellant.

*Charles E. Zaleski,* with him *Karen L. Hackman, Tive, Hetrick & Pierce, P.C.,* for appellee.

OPINION BY JUDGE BARRY, February 2, 1984:

This is an appeal from an Order of the Court of Common Pleas of the 41st Judicial District—Juniata County Branch which held that a subdivision plan submitted by appellant, Tuscarora Forests, Inc., to the Fermanagh Board of Supervisors (Board), appellee herein, was deemed to have been approved as a preliminary plan as set forth in the Township's ordinances relating to subdivision of land. Appellant submitted a subdivision plan to the Fermanagh Township Planning Commission on September 21, 1978. When the planning commission took no action, appellant submitted the plan to the Board on October 2, 1978. Subsequently, the Board requested modifications to the subdivision plan which appellant submitted on October 25, 1978. The Board denied appellant's application for subdivision approval on February 5, 1979. The Board notified Tuscarora Forests, Inc. of its de-

cision on March 5, 1979. Appellant, on appeal to the court of common pleas, alleged that the plan must be deemed approved since the Board failed to act on the plan in a timely fashion within ninety days of the submission of the plan as required by Section 508 of the Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508. The trial court held that the Board's failure to comply with Section 508 required that the plan be approved as a preliminary plan. Believing that the deemed approval should have been for a final, as opposed to a preliminary, plan, appellant now seeks our review.

Under Section 503(1) of the Code, a municipality may enact an ordinance requiring certain guidelines for subdivision and land development. That section provides, "[t]he subdivision and land development ordinance may include, but need not be limited to: (1) Provisions for the submittal in processing of plats, and specifications for such plats, including provisions for preliminary and final approval and for processing of final approval stages or sections of development. . . ." 53 P.S. §10503(1). Fermanagh Township did, in fact, enact an ordinance requiring a two-step approach to submission and review of a subdivision plan. The Subdivision and Land Development Ordinance (Ordinance) required submission of a preliminary plan and a final plan. Section 403 of the Ordinance provides: "(a) Ten copies of the preliminary and final plans for all those subdivisions of land lying within the township shall be submitted to the township secretary. . . ." Section 405 of the same Ordinance provides: "[t]he Final Plan and necessary supporting data shall be submitted to the Township Secretary for distribution and final approval within one (1) year after the Board of Supervisors' action on the Preliminary Plan." These sections of the Ordinance contemplate a two-step approach to the sub-

mission of a subdivision plan—a preliminary plan and then a final plan.

Appellant contends that the Board waived its right to require a preliminary plan since the Board did not object to the appellant's own designation of the subdivision plan submitted for Board approval as a final plan. Section 403(b) of the Ordinance allows a developer to request, in writing, a waiver for submission of a preliminary plan for subdivisions of three lots or less. In this case, appellant is planning to subdivide a one hundred acre tract of land in ten parcels of ten acres. It cannot seriously be contended, therefore, that the Board waived the requirement that a preliminary plan be submitted.

Appellant places undue weight on its own designation of the plan submitted as the "final" plan, arguing that its plan should be approved as a "final" plan simply by virtue of its own designation of the plan as such. The subdivision plan was the first plan of any kind submitted by the appellant. The Ordinance contemplates approval of a general preliminary plan before requiring a developer to submit more specific information for final plan approval. Consequently, appellant cannot circumvent the intent of the Ordinance by designating the plan it submits as a "final" plan.

Section 508(3) of the Code provides: "failure of the governing body . . . to render a decision . . . within the time . . . required herein shall be deemed an approval of the application *in terms as presented*. . . ." 53 P.S. §10508(3) (emphasis added). Appellant argues that the "terms as presented" designated the plan as "final", thereby requiring the deemed approval to be approval of a final plan. Appellant relies on *Township of O'Hara v. DiSilvio*, 51 Pa. Commonwealth Ct. 50, 413 A.2d 1174 (1980), to support its position that the Board's failure to act on appellant's application in a timely fashion constituted a waiver of

the procedural requirements regarding the submission of both the preliminary plan and a final plan. In *DiSilvio*, the developer applied for approval of a subdivision plan dependent on the municipality's granting of a right-of-way width variance. The developer's application did not comply with formal written requirements of the municipality's subdivision ordinance. When the Township of O'Hara failed to reach a decision within the required ninety day period, as required by Section 508 of the Code, the developer invoked Section 508 because it claimed deemed approval of the requests. The municipality argued that the ninety day period did not begin to run until the submission of an application complying with the township's subdivision ordinance. The Court in *DiSilvio* termed the formalities with which the subdivider failed to comply as "technical filing formalities," and held that since the township received the formal application and considered an oral instead of a written request at a meeting of council, the township was precluded from subsequently requiring a formal request so it might circumvent deemed approval provisions of the Code.

In the instant case, requiring submission of both the preliminary and final plans cannot be classified as "technical filing formalities." Even if it could be so classified, the Board here has done nothing which would have led appellant to believe it would be relieved of the obligation to file both plans. For these reasons, *DiSilvio* does not support appellant's position.

The Order of the trial court must be affirmed.

ORDER

AND Now, February 2, 1984, the Order of the Court of Common Pleas of the 41st Judicial District—Juniata County Branch, entered June 29, 1981, Civil Action Law at No. 161 of 1979, is affirmed.