582 A.2d 1156

**Eli M. DOBRINOFF, Jr., Appellant,**

v.

**The BOARD OF SUPERVISORS OF FRANKLIN TOWNSHIP, YORK COUNTY, Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 1990.

Decided Nov. 27, 1990.

Walter W. Wilt, Wilt, Magdule & Freeburn, Harrisburg, for appellant.

John R. Kachur, with him, Jeffrey A. Ernico, Tive, Hetrick & Pierce, P.C., Harrisburg, for appellee.

Before SMITH and PELLEGRINI, JJ., and BARRY, Senior Judge.

PELLEGRINI, Judge.

Eli M. Dobrinoff (Dobrinoff) appeals from an order of the Court of Common Pleas, York County, which affirmed the decision of the Board of Supervisors of Franklin Township (Board) denying Dobrinoff's resubmitted subdivision plan.

Dobrinoff was the owner of approximately sixty-five acres of land. In 1979, Dobrinoff submitted a plan to the Board for the subdivision of this land into twenty-eight lots for commercial and residential purposes which was approved and recorded. Some of these lots were sold pursuant to the 1979 plan. In 1985, Dobrinoff submitted to the Board a plan for resubdivision of the same land requesting its approval to reduce the total number of lots to eighteen and to designate the remaining lots solely for residential use. This plan was also approved by the Board and recorded. Some of these lots were also sold pursuant to the 1985 plan.

In May of 1989, Dobrinoff filed a preliminary plan for resubdivision of the same land with the Board, further reducing the total number of lots from eighteen to twelve, including in that total number those lots which had previously been sold. The plan also changed the designated use of the subdivision from residential to commercial and industrial. By letter dated May 16, 1989, the Board informed Dobrinoff that his plan was disapproved due to its noncompliance with the Franklin Township Subdivision and Land Division Ordinance (Ordinance).[1] Additionally, the Board noted that Dobrinoff had not obtained the necessary written consents of approval of the May, 1989 plan from owners who had purchased residential lots under the 1985 subdivision plan.

1. The Board relied on the expertise of Grove Associates, an engineering and surveying firm, to review Dobrinoff's plan. In a letter dated

In July of 1989, Dobrinoff resubmitted the May, 1989 plan to the Board for approval and requested that the Board waive the requirements of Sections 514(a) and (c) of the Ordinance with which the Board found he previously had not complied.[2] By letter dated August 22, 1989, the Board denied Dobrinoff's request for waivers of Sections 514(a) and (c) of the Ordinance and reiterated its disapproval of the plan because, as previously stated in its letter to Dobrinoff dated May 16, 1989, Dobrinoff had not complied with the Ordinance requirements or obtained the necessary written consents of approval of the plan from owners who had purchased lots under the 1985 subdivision plan.

Dobrinoff then appealed the Board's decision to the Court of Common Pleas of York County (trial court). Dobrinoff alleged that the Board's denial letter dated August 22, 1989, did not comply with Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508(2), because the letter

October 11, 1988, Grove Associates provided the Board with the following comments regarding defects found in the plan:

1. Approval from DER for the Sewage Module is required (40263).
2. A notation should be placed on the plan as to why this plan is being submitted as a replacement of the plan previously recorded. Also, a note should be added stating that this plan supercedes the prior approved preliminary plan. The date of that approval should be indicated.
3. Lot # 11 is shown as it appears on the recorded prior plan. It, however, is in violation of the present day ordinance for panhandle widths (*514a*).
4. Lot # 16 does not appear to have the required minimum width of 150' at the right of way line (*514c*).
5. You should notice that lots # 19 and # 20 are being created out of what was previously lot # 12. Lot # 20 is an add-on lot to be attached to other lands of Eli Dobrinoff to the South. Lot # 19 will become a panhandle lot. Both of these lots are in conformance with the requirements of the new ordinance. (Emphasis added.)

2. Dobrinoff argues that after receiving the Board's rejection in May of 1989, he secured the consents of owners as deemed applicable by his attorney and obtained necessary approvals from the Pennsylvania Department of Environmental Resources (DER). However, the record does not indicate that Dobrinoff obtained consents from the owners but does reflect that he obtained the required approval from the DER and made the necessary notations on his plan as suggested by Grove Associates in item # 2 of its October 11, 1988, letter.

did not specify the defects found in his application, describe the requirements which were to be met or cite the provisions of the Ordinance which the Board relied upon in making its decision. Dobrinoff further argued that because the Board did not comply with Section 508(2) of the MPC, his plan had been deemed approved pursuant to Section 508(3) of the MPC.

The trial court found that while the Board's August 22, 1989, letter did not comply with Section 508(2) of the MPC, the Board's previous letter dated May 16, 1989, had provided Dobrinoff with adequate notice as to the defects of his plan, the requirements which were to be met and the Ordinance provisions which were applicable. Because the rejected plan was the same plan that had previously been submitted by Dobrinoff in May of 1989 and rejected by the Board in its letter dated May 16, 1989, Dobrinoff was adequately apprised of the Board's decision as required by Section 508(2) of the MPC. Dobrinoff disagreed with the trial court's decision and filed the present appeal.

The issue now before us is whether the Board's August 22, 1989 letter to Dobrinoff denying his resubmitted plan complied with Section 508(2) of the MPC by providing both Dobrinoff and the trial court with adequate information to determine the reasons for the Board's denial.

Dobrinoff contends that the Board's letter to him dated August 22, 1989, denying his resubmitted subdivision plan did not comply with Section 508(2) of the MPC because the letter did not specify the defects found in his application, describe the requirements which had not been met or cite the provisions of the statute or ordinance with which he had not complied. Dobrinoff further contends that because the letter did not comply with Section 508(2) of the MPC, his plan as presented was deemed approved pursuant to Section 508(3) of the MPC. We disagree.

Sections 508(1), (2) and (3) of the MPC provide the following regarding applications for the approval of plans:

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to

the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

(2) When the application is not approved in terms as filed, the decision shall *specify the defects found* in the application and *describe the requirements which have not been met* and shall, in each case, *cite to the provisions of the statute or ordinance relied upon.*

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein *shall be deemed an approval of the application in terms as presented* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. (Emphasis added.)

 Regardless of whether the Board has denied an applicant's plan which has been submitted once or resubmitted several times, the Board is required to send the applicant a letter in compliance with Section 508(2) of the MPC. The applicant must be apprised of the specific defects found, the requirements not yet met and the applicable ordinance provisions relied upon by the Board so that he can attempt to comply with the Board's requirements before resubmitting the plan for approval. Additionally, because the intent of Section 508(2) of the MPC is to assure that the unsuccessful applicant is provided with bases for a possible appeal, any applicant whose plan has been denied has a right to a denial letter which complies with Section 508(2) of the MPC so that he can effectively appeal the denial to the trial court. *Rouse/Chamberlin, Inc. v. Board of Supervisors of Charleston Township,* 94 Pa.Commonwealth Ct. 413, 504 A.2d 375 (1986). Without reasons for denial, neither the developer nor the trial court know why the Board denied the application and cannot determine whether the denial was proper.

In this case, when the Board sent Dobrinoff its May 16, 1989 letter denying his preliminary subdivision plan, the Board attached a copy of Grove Associates' letter as a detailed explanation of the reasons for denial. Upon receipt of the Board's letter, Dobrinoff was aware that in addition to obtaining the owners' approval of his plan, there were four items to comply with per Grove Associates' letter. However, before resubmitting his plan, Dobrinoff complied with only the first two items in Grove Associates' letter. He then requested a waiver of Section 514(a) of the Ordinance, pertaining to panhandle widths and Section 514(c) of the Ordinance, pertaining to required minimum widths at the right-of-way lines. These two Ordinance requirements were the only other outstanding items in Grove Associates' letter which needed to be settled before Dobrinoff's plan could be approved.

In response to Dobrinoff's request and the resubmittal of his plan, the Board sent Dobrinoff the following letter dated August 22, 1989:

Dear Mr. Dobrinoff:

Your subdivision, as submitted to the township Board of Supervisors, was disproved by the Board at their meeting on August 15, 1989. They also voted to disapprove your request for modification from requirements of the township subdivision ordinance in two cases. Your plan was disapproved due to the noncompliance of township subdivision and land division ordinance and the stipulation that you must obtain sign off of all persons who bought lots based on the 1985 plan (on the assumption that lots were assigned as "single family residential")—the sign offs and other lots must be verified through deed transfers, etc. and you must certify that the listing is correct and complete.

Although Dobrinoff was aware of the reasons that the resubmitted plan was denied, this court has previously held that mere knowledge by the applicant of the Board's reasons for denial is insufficient to meet the requirements of

Section 508(2) of the MPC. In *Bensalem Township v. Blank*, 115 Pa. Commonwealth Ct. 281, 539 A.2d 948 (1988), we held that the test to determine whether a Board's denial letter complies with Section 508(2) of the MPC is not whether the applicant has actual knowledge of the particular defects in his plan, the requirements which have not been met and the specific sections of the ordinance relied upon, but whether the information required by the MPC is contained within the four corners of the Board's written decision. In this case, the Board has met the test.

The Board's August 22, 1989 denial letter sent to Dobrinoff specified that Dobrinoff's request for waivers was denied and, therefore, he had not met the Ordinance requirements. Subsumed within Dobrinoff's request for waivers of Sections 514(a) and (c) was the knowledge that the proposed plan failed to meet those provisions. Because Dobrinoff's application referenced those subsections, it would be superfluous for the Board's decision to parrot those sections back to Dobrinoff, whose application contained those sections and the admission that the proposed plan did not meet those requirements.

Further, Dobrinoff did not obtain the owners' approval of his plan or the Board's approval of the requested waivers, and the approval of the resubmitted plan was contingent only upon Dobrinoff's compliance with these requirements. Therefore, the Board's letter of August 22, 1989 denying the plan for Dobrinoff's failure to comply with these requirements sufficiently explained the reasons for denial so that Dobrinoff could again attempt to comply with these requirements or appeal the Board's decision to a trial court. Consequently, the Board's denial of both Dobrinoff's request for waivers and the resubmitted plan based on Dobrinoff's failure to comply with the Ordinance sections, provided all of the necessary information Dobrinoff required pursuant to Section 508(2) of the MPC within the four corners of its August 22, 1989 letter.

■ Our scope of review is limited to determining whether the Board committed an error of law or abuse of discretion in denying approval of Dobrinoff's resubmitted plan.

*Brough v. Heidelberg Township Board of Supervisors, York County,* 123 Pa. Commonwealth Ct. 212, 554 A.2d 133 (1989). Because the Board's August 22, 1989 letter denying Dobrinoff's resubmitted plan complied with the requirements of Section 508(2) of the MPC, we find that Dobrinoff's subdivision plan of May, 1989, was properly denied. Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 27th day of November, 1990, the order of the Court of Common Pleas, York County, dated May 16, 1990, No. 89–SU–04257–08, is affirmed.