603 A.2d 708

**Robert L. MALONE, Appellant,**

v.

**WEST MARLBOROUGH TOWNSHIP BOARD
OF SUPERVISORS et al., Appellees.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 20, 1991.

Decided Feb. 13, 1992.

Reargument Denied April 2, 1992.

Robert L. Malone, pro se.

Thomas E. Martin, Jr., for appellees.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether the Court of Common Pleas of Chester County abused its discretion or committed an error of law by failing to grant two separate writs of mandamus to Robert L. Malone (Malone) which would deem the subdivision plans he submitted to the West Marlborough Township Board of Supervisors (Board) approved. We affirm.

## PROCEDURAL HISTORY

On October 6, 1986, Malone filed a preliminary application for subdivision approval (preliminary plan) with the Board. On January 5, 1987,[1] the Board orally rejected Malone's

1. Section IV(7) of the West Marlborough Township subdivision ordinance in effect between October 6, 1986 through January 5, 1987 provides:

   The Board of Supervisors shall render its decision and communicate it to an applicant not later than ninety (90) days after an application is filed.

   Said decision shall be in writing and shall be communicated to an applicant personally or mailed to him at his last known address not later than five (5) days following the decision. When an application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

preliminary plan [2] at its regularly scheduled meeting. However, Malone had filed another plan which he designated "final plan of subdivision." Malone did not appeal the rejection of his preliminary plan.

Subsequently, Malone filed another document which he designated "revised final plan." At the Board's next regularly scheduled meeting, Robert and Donna Sharpless testified that their agreement of sale to Malone of the property which he proposed to subdivide had been breached by Malone because he failed to make timely payments. Based upon this information, the Board rejected Malone's subdivision plan not only for noncompliance with certain of the previously recited objections to the plan, but also and primarily because Malone had no standing to apply for a subdivision if he did not have any legal or equitable interest in the real estate.

Malone appealed to common pleas court, asserting that both his preliminary and final plans should be deemed approved because the Board failed to comply with Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(2). Section 508(2) of the MPC provides "[w]hen the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall,

Failure of the Board of Supervisors to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation or communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

We note that although January 5 was the 91st day after October 6, January 4 (the 90th day) fell on a Sunday, so the Board's January 5 notice to Malone was timely. *See* Pa.R.C.P. No. 106(b) and 1 Pa.C.S. § 1908.

2. Malone also received timely written notification of the Board's denial of his preliminary plan under Section IV(7) of the township's subdivision ordinance.

in each case, cite to the provisions of the statute or ordinance relied upon."

The court dismissed the appeal, concluding that it had no jurisdiction. Malone appealed and in *Malone v. West Marlborough Township Board of Supervisors*, [135 Pa.Cmwlth. 671, 582 A.2d 439 (Table)], (No. 7 C.D.1990, filed October 31, 1990) (*Malone II*), we held that "even if procedural irregularities did occur in the notice of Malone's preliminary plan rejection," he failed to timely appeal, and thus, common pleas properly decided that it was without jurisdiction to hear Malone's appeal from the rejection of his preliminary plan. Slip op. at 5. However, we reversed and remanded common pleas' refusal to hear the appeal on the rejection of the revised final plan because we held the "revised final plan" to be actually a "new *preliminary plan* and not a final plan." Slip op. at 7 (emphasis in original) (*citing Tuscarora Forests, Inc. v. Fermanagh Board of Supervisors*, 80 Pa.Commonwealth Ct. 108, 471 A.2d 134 (1984). On remand, we directed common pleas to determine whether the Board's rejection of the "new preliminary plan" was procedurally deficient under Section 508(2) of the MPC and Section IV(7) of the township's subdivision ordinance. *See* n. 1. The Board filed a petition for allowance of appeal which is presently pending before the Supreme Court.

On July 18, 1989, without benefit of our holding in *Malone II*, Malone filed two complaints in the nature of an action in mandamus: the first alleges that the Board improperly rejected Malone's preliminary plan by failing to comply with Section 508(2) of the MPC; the second alleges that the Board improperly rejected what Malone called the "revised final plan," also by failing to comply with Section 508(2) of the MPC. Common pleas dismissed both complaints on the basis that a proper remedy existed at law because of the pending statutory appeal.

On appeal, we reversed and remanded, *Malone v. West Marlborough Township Board of Supervisors*, 131 Pa.Commonwealth Ct. 347, 570 A.2d 147 (1990) (*Malone I*),

holding that the statutory appeal did not bar the mandamus action because "if the facts as alleged in the complaints are established, i.e. that [the Board's] denials of [Malone's] plans were outside the statutory period, then Malone would be entitled to the relief of deemed approval...." *Id.*, 131 Pa.Commonwealth Ct. at 351, 570 A.2d at 149.

On remand, common pleas relied on our holding in the statutory appeal, *Malone II.* As to the preliminary plan, it held that because Malone did not appeal from the Board's rejection of the preliminary plan that it was without jurisdiction to grant Malone the relief requested. (42a).

Common pleas then reasoned concerning the purported "revised final plan" as follows:

> The Commonwealth Court in *Malone II* also addressed the Board's May 12, 1987 rejection of the purported '[revised] final plan.' [Former] President Judge Crumlish specifically stated:
>
>> However, review of the minutes of the supervisors subsequent meetings and correspondence between Malone and the Township's attorney discloses the supervisors never agreed that they were reviewing anything other than a 'new plan' or a 'revised subdivision plan.' Thus, as a matter of law, because the ordinance requires a two-step approach for subdivision approval, we conclude that the plan Malone filed with the supervisors, and subsequently revised, was a NEW PRELIMINARY PLAN and not a final plan. (Emphasis supplied.)
>
> The *Malone II* court determined that [common pleas] erred in ruling that he lacked jurisdiction to hear the appeal from the rejection [of the purported 'revised final plan'] and directed that:
>
>> On remand, the Common Pleas Court need only determine if the ... letter rejecting Malone's *revised preliminary plan* was procedurally deficient under MPC § 508(2) and Ordinance § IV(7).

(Slip op. of common pleas court opinion at 7–8) (emphasis added). Therefore, based on *Malone II*, common pleas held

it lacked the authority to find that "the plan rejected on May 12, 1987 was a 'final plan' as Malone asserts in light of the Commonwealth Court's determination that it was a 'preliminary plan.' " *Id.* Then turning to the merits, the common pleas affirmed the Board's rejections of the plans which had been based on the Sharplesses' testimony that Malone did not hold legal or equitable title to the property he wished to subdivide and therefore, did not have standing to file the actions in mandamus.

On appeal,[3] Malone argues that common pleas erred as a matter of law in: (1) applying the holding of *Malone II,* the statutory appeal case, to this mandamus action; (2) holding that Malone failed to prove that the Board untimely rejected his subdivision plans; and (3) concluding that Malone did not have standing.

## RES JUDICATA

Malone argues that common pleas erred in holding that it was bound by *Malone II*'s holding that the "revised final plan" was actually a "new preliminary plan." Malone claims that because *Malone II* is a statutory appeal case, *Malone I*'s holding which directed common pleas to address Malone's complaints in mandamus required common pleas to make independent findings and not to rely upon *Malone II.* In other words Malone interprets *Malone I*'s holding to mean that because "mandamus actions are not identical causes of action to his statutory appeal" (Malone's brief at 20), *Malone II* cannot act as "res judicata." We do not agree.

■ "Res judicata" refers to two distinct legal principles, "technical" or "strict res judicata," frequently called claim preclusion or "broad res judicata," frequently called collateral estoppel or issue preclusion. *Hebden v. Workmen's*

3. Our scope of review of an action in mandamus is to determine whether the trial court has abused its discretion or committed an error of law. *Wilson of Wallingford v. Township of Nether Providence Appeal,* 85 Pa.Commonwealth Ct. 104, 481 A.2d 692 (1982).

*Compensation Appeal Board (Bethenergy Mines, Inc.),* 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991).

■ The concept of claim preclusion is that a final judgment on the merits by a court of competent jurisdiction precludes further action between the parties and their privies on the same cause of action. *Id.,* 142 Pa.Commonwealth Ct. at 187, 597 A.2d at 187. Claim preclusion applies not only to issues litigated in the first proceeding but also to issues which should have been previously litigated, if they were part of the same cause of action. *Id.,* 142 Pa.Commonwealth Ct. at 188, 597 A.2d at 188.

■ The concept of issue preclusion "forecloses relitigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Id. (quoting City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 55, 559 A.2d 896, 901 (1989)). "Unlike claim preclusion, there is no requirement that there be an identity of parties between the two actions to preclude relitigation of an issue, and issue preclusion may be asserted as either a 'sword or a shield' by a stranger to the prior action as long as the party against whom it is asserted was a party or in privity with a party." *Id.* (citations omitted.) Issue preclusion prevents relitigation of issues that have "once been decided and have remained static, factually and legally." *Id.* (citation omitted) (emphasis deleted.)

■ Because common pleas resolved the factual issue in *Malone II* that the "revised final plan" was merely a "new preliminary plan," issue preclusion prevents relitigation of this issue. *Malone I* merely permitted the mandamus action to proceed. Therefore, we hold that common pleas did not err in holding that it had no jurisdiction to address Malone's argument that the Board improperly rejected his final revised plan because *Malone II* held that no final revised plan existed.[4]

---

4. *Malone II* also held that Malone waived his rights to challenge the rejection of the first "preliminary plan" because he failed to file an appeal from the rejection within thirty days. Thus, Malone is also

■ Our remand order from *Malone I* directed common pleas to consider if the Board improperly disapproved the "plan," which had been rejected on May 12, 1987.[5] Relying on *Malone II* that no final plan exists, common pleas focused on Malone's argument that it was a final plan, and again held it had no jurisdiction to consider a final plan because *Malone II* said no final plan existed. We hold that common pleas should have considered whether the Board improperly rejected this "new preliminary plan" and normally we would remand again for such a determination. However, before common pleas can entertain this issue, we must consider whether Malone had standing to submit any subdivision application.

## STANDING

■ Malone's subdivision application indicates that the owners of record are Robert and Diana Sharpless and that he is the subdivider. The Board directed Malone to produce an agreement of sale, showing his equitable interest in the property. The Board made this request before the Sharplesses appeared at the Board's May 4, 1987 hearing, asserting that Malone had breached the agreement of sale. The Board rejected the revised plan because of Sharplesses' testimony, Malone's failure to produce an agreement of sale and noncompliance with other requirements of the ordinance of which it had previously notified Malone.[6]

precluded from relitigating this issue because he had a full and fair opportunity to litigate this issue in the prior proceeding which was essential to the judgment in *Malone II.*

5. May 12, 1987 is the date the Board rejected Malone's purported "revised plan."

6. By letter dated January 6, 1987 from the Board to Malone it set forth the factors which were fatal to his initially submitted plan:
  1. The plan failed to extend the principal local residential street to the boundary line of the subdivision, pursuant to section VI, subsection 1(c) of the township subdivision ordinance.
  2. The plan showed a curb radius in violation of section VI, subsection 4(D), of the township subdivision ordinance.
  3. The plan failed to indicate parking spaces required by subdivision ordinance Article VII, section 710 and section 610.

Common pleas affirmed, holding that Malone did not have standing to apply for subdivision approval because a "subdivider," must be the owner or acting on behalf of the owner of the property to be subdivided. Common pleas relied upon *Dobrinoff v. Board of Supervisors of Franklin Township, York County,* 136 Pa.Commonwealth Ct. 282, 582 A.2d 1156 (1990).

In *Dobrinoff,* the zoning board rejected a subdivider's "resubdivision" plan because he did not obtain written consent and approval from the owners who had purchased residential lots under the original subdivision plan. Here, common pleas interpreted our affirmance of the zoning board's action in *Dobrinoff* as clearly authorizing the Board's request of Malone's proof of ownership. We would be hard-pressed to conclude that this is the holding in *Dobrinoff;* however, the township ordinance's definition of "subdivider" implies that *proof of equitable interest in the property, prior to applying for an application to subdivide, is required.*[7]

Although Malone provided the Board with a copy of the agreement of sale *after* its May 12, 1987 rejection and in a

4. The plan failed to designate a name for the new street, pursuant to section VI, subsection 6.
5. The plan failed to provide for a performance bond, pursuant to section 3(B) of the subdivision ordinance.
Malone asserts that the May 12, 1987 rejection of the revised plan did not restate these objections in violation of Section 508(2) of the MPC. The rejection of the revised plan incorporated by reference these objections to the plan. We hold that the mere reference to the reasons for rejecting the preliminary plan was insufficient under the MPC because the "applicant" for a subdivision plan must have actual notice of the reasons for the rejection within the four corners of the document. *See Bensalem Township v. Blank,* 115 Pa.Commonwealth Ct. 281, 539 A.2d 948 (1988). However, because of our disposition of the standing issue, it will be unnecessary to remand for proper resolution of this issue.

7. Although common pleas based its affirmance of the Board rejection on its strained interpretation of the holding in *Dobrinoff,* we may affirm the court's order based upon different grounds. *See Township of Raccoon v. Municipal Water Authority of Borough of Aliquippa,* 142 Pa.Commonwealth Ct. 508, 597 A.2d 757 (1991); *Reynolds v. Zoning Hearing Board of Arlington Township,* 134 Pa.Commonwealth Ct. 382, 578 A.2d 629 (1990).

separate action, Malone was granted the right to compel specific performance of the agreement of sale, affirmed in *Malone v. Sharpless*, 393 Pa.Superior Ct. 646, 564 A.2d 1012 (1989), we hold that common pleas correctly held that Malone was required to prove ownership *at the time* the Board voted on the plan.

Although Malone *later* proved ownership, the Board could not approve the subdivision plan *at the time* it voted because Malone did not qualify as a subdivider under the township's ordinance. Because common pleas' scope of review does not make it a factfinder in appeals from such orders, it could not consider the subsequent factual information which was not contained in the record before it.

While this result seems unfair to Malone and requires that he commence subdivision approval anew, a different result in effect would allow individuals who were not owners or agents of the owner to submit subdivision applications to property to which they hold no real, present interest.

We affirm.

## ORDER

AND NOW, this 13th day of February, 1992, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.