606 A.2d 663

**Robert R. CASSELLI, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, STATE POLICE and Lt. Simpson, Pennsylvania State Police, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided March 30, 1992.

626

George F. Schoener, Jr., for appellant.

Joanna N. Reynolds, Asst. Counsel, for appellees.

Before McGINLEY, J., SMITH, J. (P.), and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert R. Casselli, Jr. appeals from an order of the Court of Common Pleas of Montgomery County which dismissed his equity action against the Pennsylvania State Police and Lieutenant Simpson, the commanding officer of the Pennsylvania State Police Southeastern Training Center (Training Center), for lack of jurisdiction. We affirm.

Casselli, after receiving an appointment as a police officer to the South Hampton Township Police Department, enrolled at the Training Center for the required instruction to assume the position with the township police department. Lieutenant Simpson accused Casselli of cheating on a firearms examination causing Casselli to be dismissed from the training program. As a result of this dismissal, Casselli lost his appointment as a township police officer.

Casselli filed a complaint in equity and a motion for preliminary injunction with the trial court, requesting that Lieutenant Simpson be prevented from enforcing his dismissal. Casselli also sought reinstatement to the training center program. The State Police moved for dismissal of the action on jurisdictional grounds. The trial court, after argument, dismissed Casselli's complaint for lack of jurisdiction, indicating that Commonwealth Court has original and exclusive jurisdiction of the action.[1]

1. Casselli also filed suit in Commonwealth Court's original jurisdiction at 143 M.D.1991. Pursuant to Casselli's request for preliminary or special injunctive relief, this Court conducted a hearing. The order denying the relief requested was filed with an accompanying unpublished memorandum opinion on May 16, 1991.

■ On appeal,[2] Casselli argues that the trial court erred in dismissing the equity action for lack of jurisdiction.

■ Pursuant to Section 761(a) of the Judicial Code (Code), 42 Pa.C.S. § 761(a), the Commonwealth Court has original jurisdiction of civil matters or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

\* \* \* \* \* \*

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

This section of the Code gives Commonwealth Court original jurisdiction in civil actions against the Commonwealth and its officers acting in their official capacity unless one of the enumerated exceptions apply. The only possible exception that could apply to this case is set forth above, Section 761(a)(1)(v). The question then becomes whether the action at issue is in the nature of trespass, and if so, whether this action is of the type in which the Commonwealth formerly enjoyed sovereign or other immunity.

Our Supreme Court, in *Balshy v. Rank*, 507 Pa. 384, 490 A.2d 415 (1985), explained the nature of a trespass action and concluded that "actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas." *Id.*, 507 Pa. at 396, 490 A.2d at 420–21.

In equitable actions, however, in which injunctive or declaratory relief is sought, the Supreme Court held that

---

**2.** Our scope of review of a trial court's order dismissing for lack of jurisdiction is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Malone v. West Marlborough Township Board of Supervisors*, 145 Pa.Commonwealth Ct. 466, 603 A.2d 708 (1992).

*Balshy* did not apply. *Fawber v. Cohen,* 516 Pa. 352, 532 A.2d 429 (1987). Casselli seeks an injunction to prevent implementation of the disciplinary action and reinstatement. He does not seek money damages. Therefore, according to *Fawber,* the Section 761(a)(1)(v) exception to Commonwealth Court's original jurisdiction does not apply because the Commonwealth did not formerly enjoy immunity in this type of case.

Casselli also argues that Lieutenant Simpson is not an "officer" as that term is used in Section 761(a)(1) of the Code. We agree.

The *Balshy* court, quoting *Opie v. Glascow, Inc.,* 30 Pa.Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977), states that the definition of "officer," as that word is used in Section 761, includes "those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Balshy,* 507 Pa. at 390, 490 A.2d at 417.

■ Lieutenant Simpson, like the superintendent of the state hospital facility in *Fawber,* does not have state-wide policymaking authority. Therefore, his position does not in itself bring this case within the jurisdiction of the Commonwealth Court. However, because the Commonwealth is an indispensable party[3] to this action, a fact which Casselli disputes, this action still falls within our original jurisdiction.

The Pennsylvania State Police, a Commonwealth agency, has been a named defendant since Casselli filed the initial complaint in Montgomery County. For reasons of judicial economy, when the Commonwealth Court has jurisdiction over a Commonwealth agency, we also have jurisdiction

---

**3.** A party is indispensable when that party's rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988). Only when it is determined that the merits of the case can be reached without prejudice to the rights of an absent party may the court proceed. *Id.*

over individual employees of the agency who allegedly share liability. *Tokar v. Department of Transportation,* 480 Pa. 598, 391 A.2d 1046 (1978). Furthermore, Commonwealth Court's jurisdiction extends to other named parties when the Commonwealth is deemed to be an indispensable party. *Piper Aircraft Corp. v. Insurance Co. of North America,* 53 Pa.Commonwealth Ct. 209, 417 A.2d 283 (1980).

■ The trial court correctly concluded that this action falls within the ambit of Commonwealth Court's jurisdiction. However, in dismissing the complaint, the trial court committed an error of law. Section 5103(a) of the Judicial Code, 41 Pa.C.S. § 5103(a) states:

(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice *shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court* or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

Accordingly, the trial court, concluding that jurisdiction lies with Commonwealth Court, should have transferred the case to this Court. However, since Casselli has brought an identical action here, we conclude that the trial court's error is harmless. We, therefore, affirm the trial court's order to dismiss.

### ORDER

AND NOW, this 30th day of March, 1992, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.