**LIBERTY ASSOCIATES, Appellant,**

v.

**BOARD OF SUPERVISORS OF HUNTINGTON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1996.

Decided March 6, 1997.

James D. Hughes, Carlisle, for appellant.

Robert E. Campbell, Gettysburg, for appellee.

Before DOYLE and SMITH, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Liberty Associates appeals from an order of the Court of Common Pleas of Adams County, quashing Liberty Associates' appeal, for lack of standing, from a decision of the Board of Supervisors of Huntington Township (Board) rejecting a subdivision plan.

On May 30, 1995, John Fox and Harry H. Fox, Jr., who are brothers, submitted two subdivision plans, dated April 21, 1995, to the Huntington Township Planning Commission. The two subdivisions were known as "The Meadows" and "Huntington Fields." Nowhere on the subdivision plans was the entity Liberty Associates mentioned as having any proprietary interest in the subject proper-

---

ties.[1] The certificates of equitable ownership, located in the lower left corners of the subdivision plans, were neither signed nor completed in any manner. (Reproduced Record (R.R.) at 40a–41a.)

By letter dated August 14, 1995, Harry Fox was notified that the Foxes' subdivision plans had been rejected by the Board. On or about September 11, 1995, Harry and John Fox attempted to perfect an appeal from the Board's decision to the court of common pleas, but named Liberty Associates as the appellant on the notice. By order dated April 19, 1996, the court of common pleas, upon motion of the Board, quashed Liberty Associates' appeal for lack of standing. Liberty Associates subsequently appealed to this Court.[2]

The legal principles governing standing in a case of this type were articulated by this Court in *Malone v. West Marlborough Township Board of Supervisors,* 145 Pa.Cmwlth. 466, 603 A.2d 708, 713 (1992), wherein we stated:

> [T]he township ordinance's definition of 'subdivider' implies that proof of equitable interest in the property, prior to applying for an application to subdivide, is required.
>
> Although Malone provided the Board with a copy of the agreement of sale *after* its rejection [of the subdivision plan], ... we hold that common pleas correctly held that Malone was required to prove ownership *at the time* the Board voted on the plan.
>
> Although Malone *later* proved ownership, the Board could not approve the subdivision plan *at the time* it voted because Malone did not qualify as a subdivider under the township's ordinance. Because common pleas' scope of review does not make it a factfinder in appeals from such orders, it could not consider the subsequent factual information which was not contained in the record before it. (Emphasis in original.) (Footnote omitted.)

In this case, we are presented with virtually identical facts. The term "applicant" is defined under the ordinance as:

> a landowner or developer, as hereinafter defined, who has filed an application for development, including his heirs, successors and assigns.

(Huntington Township Subdivision & Land Development Ordinance art. II, ¶ 3; Reproduced Record (R.R.) at 74a.) The term "landowner" is defined under the ordinance as:

> the legal or beneficial owner or owners of land including the holder of an option or contract to purchase (whether or not such option or contract is subject to any conditions), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in the land.

(Huntington Township Subdivision & Land Development Ordinance art. II, ¶ 24; R.R. at 76a.) Likewise, the term "developer" is defined under the ordinance as:

> any landowner, agent of such landowner or tenant with the permission of such landowner, who makes or causes to be made a subdivision of land or a land development or resubdivision.

(Huntington Township Subdivision & Land Development Ordinance art. II, ¶ 12; R.R. at 75a.)

No evidence was presented before the board establishing that Liberty Associates qualified under any of the applicable terms as defined under the ordinance. As defined above, a qualified "applicant" must be either a landowner or developer. At the time the subdivision issue was before the Board, no evidence had been presented that Liberty Associates had any equitable interest in the subject properties whatsoever. Therefore, it was not apparent before the Board that Liberty Associates qualified as a "landowner or

consider every element of the present *HUP* test. Thus, they do not control the outcome here.

**1.** Liberty Associates is a partnership comprised of two corporations as general partners, Kimba, Inc. and Harmon–Graves, Inc. Apparently, Kimba Inc. is considered to be John Fox's corpora-

tion, while Harmon–Graves, Inc. is regarded as Harry Fox's corporation.

**2.** Our standard of review on appeal is limited to determining whether the court of common pleas abused its discretion or committed an error of law.

developer" under the express terms of the ordinance.

Liberty Associates argues that the men who submitted the plans, John and Harry Fox, were acting as the agents of Liberty Associates, the purported "landowner." However, this does not negate the fact that neither the ostensible agency relationship nor Liberty Associates' proprietary interest was ever established before the Board. It is only logical that, to adequately establish an appropriate agency relationship to a qualified landowner under the ordinance, the purported agents would have to establish the proprietary interest of the landowner who they claim to represent.

Liberty Associates also argues that it asserted an equitable interest in the subject properties on appeal to the court of common pleas, after the proceedings had concluded before the Board. However, we reject this argument because it is clear from *Malone* that such proprietary interests must be established before the Board.

The only evidence **before the Board** on the issue of ownership in this case was the subdivision plans submitted by two individuals, and the name "Liberty Associates" did not appear on any of the forms submitted to the Board. Liberty Associates, of course, being a partnership comprised of two corporations as general partners, is its own distinct entity under the law.

The court of common pleas concluded as follows:

> [T]he [Fox] brothers took no steps to overcome the clear impression that they, as individuals, were the developers. Because of this concealment we believe it would be procedurally cleaner and imminently fairer for the Motion to Quash to be granted, for the true developer to proceed properly through the Township's subdivision process and address this matter later, if necessary.

(Common Pleas Court's Opinion at 3.) The record on appeal to the court of common pleas did not reflect that Liberty Associates was in any way aggrieved by the Board's decision, and thus we agree with the lower court's conclusion in this regard. Accordingly, we hold that the court of common pleas properly quashed Liberty Associates' appeal for lack of standing.

Order affirmed.

### ORDER

NOW, March 6, 1997, the order of the Court of Common Pleas of Adams County in the above-captioned matter is hereby affirmed.